# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARK J. OBIEDZINSKI,
    Appellant,

   v.

UNITED STATES POSTAL SERVICE,
    Agency.

DOCKET NUMBER
PH-0752-15-0522-I-1

DATE: October 5, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>William Simpson</u>, Esquire, Philadelphia, Pennsylvania, for the appellant.

<u>Lori L. Markle</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The agency removed the appellant from his EAS-17 Supervisor, Distribution Operations (SDO), effective August 22, 2015, based on a single charge of "IMPROPER CONDUCT/Failure to Follow Instructions." Initial Appeal File (IAF), Tab 6 at 15-20, 54-57. As discussed in more detail below, the agency directed him to report for duty on July 10, 2014,[2] which was normally one of his scheduled off days, and he did not report for duty. He filed an appeal in which he claimed that the agency was wrong to try to force him to work on one of his off days. IAF, Tab 1 at 6.

¶3    After holding the requested hearing, the administrative judge found that the agency proved the charge by preponderant evidence. IAF, Tab 31, Initial Decision (ID) at 10. The administrative judge also found that the penalty of removal was within the acceptable bounds of the agency's management discretion. ID at 11-16. The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 1.

¶4    The administrative judge's fact findings as set forth below are not disputed by the appellant on review. The appellant is a postal supervisor who worked a full-time schedule with Wednesdays and Thursdays as his regularly scheduled off

---

[2] All dates are in 2014 except where otherwise indicated.

days. Because one of the other supervisors was on a preapproved vacation, the agency had to shuffle its supervisory schedules to provide appropriate coverage. When the agency posted the schedule for the week of July 5-11, it scheduled the appellant to come in on Thursday, July 10, normally the appellant's off day. *Id.* at 100. On July 8, the Lead Manager of Distribution Operations (MDO) used the walkie-talkies to remind the SDOs that some of them were required to work their off days. The appellant responded over the walkie-talkie that he was starting his vacation in the next few hours (he was not scheduled to work on July 9). The appellant's remark was overheard by another supervisor who reported it up the chain of command, which resulted in a meeting with the appellant, the Lead MDO, and the Plant Manager.

¶5 At that meeting, they told the appellant twice that he was required to work on July 10. He responded first that he did not need to work that day because it was his off day. The second time, he responded that he would not come to work on July 10 because he had family obligations. He neither reported for work nor called in to request leave on July 10. Based on these undisputed facts, the administrative judge found that the agency proved its charge by preponderant evidence, and we agree.

¶6 Although the appellant defiantly insisted to the agency that it had no authority to compel him to come to work on his off day, he had a medical appointment scheduled for that day and, therefore, a legitimate reason to be on leave that day. However, the appellant did not inform the agency about his appointment, request leave before the appointment, call in on the day of the appointment, or raise it as a defense during the removal proceedings. He did, however, submit documentation in support of a request for leave under the Family and Medical Leave Act of 1993 (FMLA) after the fact. At the hearing, the appellant explained that he did not inform the agency about his medical appointment because he wanted to keep his medical issues private.

¶7    On review, the appellant states that his representative did not make the arguments the appellant wished him to make, did not submit the documents the appellant wished him to submit, and otherwise did not handle his appeal properly. PFR File, Tab 1 at 3-4.  He also alleges that his wife is permanently disabled and he asked his representative to submit evidence showing that the appellant devoted a great deal of time to her care.  *Id.* at 4-6.  He avers that the agency's failure to respect the appellant's commitment to his wife violates the Americans with Disabilities Act Amendments Act of 2008.  *Id.* at 6.  He further asserts that he was on approved FMLA leave during his absence.  *Id.* at 5.

¶8    With his petition for review, he submits several pages of Department of Labor FMLA forms.  These forms are already in the record and, therefore, are not new and material evidence.  *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).  Moreover, the documents reveal what is already known, that the appellant was incapacitated for duty from July 9 through July 25, 2014.  PFR File, Tab 1 at 9-10.  Even if the appellant was entitled to leave on July 10, he knew in advance that he had a medical appointment and was not entitled to just not show up for work.  Aside from these documents, the appellant does not describe any other evidence or argument that his representative should have submitted.[3]  In the end, the appellant is responsible for the errors of his chosen representative.  *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

¶9    In his reply to the agency's response to his petition for review, the appellant implies that the administrative judge was biased in favor of the agency because the administrative judge and the agency representative were formerly colleagues when the administrative judge previously worked at the agency.  This bare assertion, without some indication of deep-seated favoritism, is insufficient to overcome the presumption of honesty and integrity that accompanies

[3] The argument concerning the appellant's obligations to care for his disabled wife is not relevant in this case because the appellant did not appear for work on July 10 to care for his wife.

administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

¶10 The appellant contends for the first time on review that the deciding official in his case was not a local management official, did not know the participants, and should have conducted his own independent investigation before making a decision. PFR File, Tab 1 at 15. The appellant, who was represented by counsel below, had ample opportunity to raise this harmful error/due process claim before the record closed below. Because he has not shown why, despite his due diligence, he could not have done so, the Board need not consider it. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶11 Turning to the penalty, where all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Id.* The Board will modify or mitigate an agency-imposed penalty only where it finds the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Id.*

¶12 The appellant has 10 years of service and has been a supervisor since 2007. He has a prior disciplinary record consisting of a May 16, 2013 Letter of Warning in Lieu of 7-Day Suspension for failure to meet the availability/dependability requirements of his position. IAF, Tab 6 at 112-16. This is not a case in which an employee engaged in essentially private defiant behavior towards a supervisor. The appellant broadcast over the walkie-talkie that he was not going to report for work on July 10 so that anyone within range could hear and then followed through by not reporting for duty. This undermines discipline, sets an appalling

example for employees, and is practically incomprehensible in a supervisor, who, of course, is held to a higher standard of conduct. *Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010); *Neuman v. U.S. Postal Service*, 108 M.S.P.R. 200, ¶ 23 (2008). In determining the propriety of a penalty, the Board places primary importance on the nature and seriousness of the offense and its relation to the appellant's duties, position, and responsibilities. *Neuman*, 108 M.S.P.R. 200, ¶ 23. One of the appellant's duties as a supervisor is to make sure that his employees come to work when they are supposed to and enforce the rules when they do not. His own defiance in refusing to report for work when the exigencies of business required a change to his regular schedule is plainly inconsistent with his supervisory responsibilities.

¶13    The deciding official was particularly concerned about the appellant's lack of rehabilitative potential. The appellant showed no remorse for his actions, he never explained his behavior or apologized for it, and he did not take any responsibility for it, which tends to show that a lesser penalty would not be sufficient to deter similar conduct in the future. The Board has found that an appellant's attempt to shift the blame for his misconduct to others or his display of an arrogant attitude during the removal process reflects poor potential for rehabilitation. *Alberto v. Department of Veterans Affairs*, 98 M.S.P.R. 50, ¶ 10 (2004); *Adam v. U.S. Postal Service*, 96 M.S.P.R. 492, ¶ 9 (2004), *aff'd*, 137 F. App'x 352 (Fed. Cir. 2005); IAF, Tab 6 at 16. As the administrative judge noted in the initial decision, the appellant testified at the hearing that the agency was equally to blame for the situation. ID at 14.

¶14    We agree with the administrative judge that the deciding official considered the *Douglas*[4] factors most relevant to the case. The appellant may wish that the deciding official had weighed the *Douglas* factors differently, but that provides no basis for the Board to disturb the agency's penalty determination.

---

[4] *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:               _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.